IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PELEUS INSURANCE COMPANY** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **RON SPARKS, INC.** | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF PELEUS INSURANCE COMPANY'S ORIGINAL COMPLAINT

NOW COMES Plaintiff Peleus Insurance Company (PIC) and would show the Court the following:

### I. INTRODUCTION

1. This is an action for a declaratory judgment to determine whether PIC has a duty to defend or indemnify Defendant Ron Sparks, Inc. against the claims and potential claims asserted by Christian Beck, Danna Holland, and Scott Holland in the underlying lawsuit styled *Christian Beck et al. v. Rhine Demolition, LLC et al.*, No. 20-2-07117-5, in the Pierce County, Washington Superior Court (the Underlying Lawsuit).

2. Because the Policy issued to Sparks contains a Total Pollution Exclusion, it does not cover Beck's injuries, which were caused by the release of raw sewage.

### II. PARTIES

3. Plaintiff PIC is a citizen of Virginia, being a corporation formed under Virginia law and having a principal place of business at 8720 Stony Point Pkwy, Richmond, Virginia 23235.

4. Defendant Ron Sparks, Inc. is a citizen of Texas, being a corporation formed under Texas Law and having a principal place of business at 10345 Walnut Lane, Forney, Texas 75126.

Sparks may be served via its registered agent Ron L. Sparks at 10053 Tipperary Trail, Forney, Texas 75126, or wherever he may be found.

### III.  JURISDICTION & VENUE

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Virginia, Sparks is a citizen of Texas, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. The Court has personal jurisdiction over Sparks because it is a corporation formed under Texas law with its principal place of business in Texas.

7. Venue is appropriate under 28 U.S.C. § 1391(b)(1) because Sparks resides in this District.

### IV.  FACTS

8. The Underlying Lawsuit was brought by Christian Beck and his parents, Danna Holland and Scott Holland, for injuries Beck sustained while he was working at an O'Reilly Auto Parts store on or about May 28, 2019.

9. According to the First Amended Complaint, when Beck was in the store's restroom, he suffered serious injuries caused by a "catastrophic reverse flow event that projected large volumes of raw sewage out of the store toilet."

10. Beck alleges that he suffered significant injuries — including sepsis, bacterial infection, cardiac arrest, brain hemorrhages, and blindness — as a direct result of being covered in raw sewage after the reverse flow event.

11. Sparks, a defendant in the Underlying Lawsuit, allegedly served as general contractor for the demolition of a building on the tract of land that was adjacent to the O'Reilly store.

12. Beck alleges that during the demolition process, Sparks and its subcontractor, underlying co-defendants Rhine Demolition, LLC and Rhine Group, Inc., damaged a sewer pipe on the property adjacent to the O'Reilly store where Beck worked.

13. Allegedly, Sparks and Rhine plugged and buried the damaged pipe without performing adequate repairs.

14. The alleged result was that pressure built up in the sewer system over time, which ultimately caused the sudden reverse flow of raw sewage that injured Beck.

## V. THE PIC POLICY

15. PIC issued commercial general liability Policy number 103 GL 0020989-01 to Sparks. The Policy is effective from November 22, 2018 to November 22, 2019.

16. The Policy provides certain coverage for "bodily injury" caused by an "occurrence," which is defined as an "accident."

17. The Policy also contains an endorsement titled "Total Pollution Exclusion with a Building Heating, Colling and Dehumidifying Equipment Exception and a Hostile Fire Exception" (Total Pollution Exclusion). The Total Pollution Exclusion replaces the General Liability Coverage Form's pollution exclusion with the following:

> This insurance does not apply to:
>
> f. Pollution
>
> > (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

The term "pollutants" is defined as:

> 15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis,

> chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

The Total Pollution Exclusion precludes coverage for the claims asserted by the Underlying Plaintiffs against Sparks. The injuries suffered by Beck would not have occurred but for the discharge/release of raw sewage, which is a "pollutant" as defined by the Policy.

18. Further, the Policy contains a Fungi or Bacteria Exclusion endorsement, which adds the following exclusion, in pertinent part, to the Policy's coverage related to "bodily injury:"

> This insurance does not apply to:
>
> Fungi Or Bacteria
>
> a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
>
> * * *

Beck specifically alleges that his exposure to the raw sewage led to bacterial infection. Therefore, this exclusion precludes coverage for the claims asserted against Sparks.

### VI.  COUNT ONE: DECLARATORY JUDGMENT

19. PIC seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend or indemnify Sparks against the claims that have or could be brought by the Underlying Plaintiffs in the Underlying Lawsuit.

20. Specifically, the Court should declare that PIC has no duty to defend Sparks in the Underlying Lawsuit because the Total Pollution Exclusion, or, alternatively, the Fungi or Bacteria Exclusion, precludes coverage for Beck's injuries. Further, the same reasons that negate PIC's duty to defend preclude any possibility that PIC will have to indemnify Sparks.

## VII.  APPLICABLE LAW

21. Because the Policy as issued in Texas to a Texas insured, Texas law applies to this action.

## VIII.  RESERVATION REGARDING AMENDMENT

22. PIC reserves the right to amend this action as necessary and to include any additional claims that may be made against Sparks.

## IX.  PRAYER

23. WHEREFORE, PIC prays for a declaration as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No. 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF**
**PELEUS INSURANCE COMPANY**